UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES MICHAEL HUNTER,

        Plaintiff,

v.                                            Case No: 6:18-cv-631-Orl-31GJK

CAPT. LOPEZ, et al.,

        Defendants.
_____/

## ORDER

This cause is before the Court on initial review of Plaintiff's Civil Rights Complaint ("Complaint," Doc. 1). Plaintiff, who is incarcerated at the Dade Correctional Institution and proceeding *pro se* filed the Complaint pursuant to 42 U.S.C. § 1983. As discussed below, the Complaint will be dismissed without prejudice.

### I.     FACTUAL BACKGROUND

The events about which Plaintiff complains occurred at the Tomoka Correctional Institution ("TCI"). Plaintiff alleges that Defendants, who are correctional officers at TCI, issued "false accusations" and "false charges" against him and that he has been subject to "false imprisonment." (Doc. 1 at 3).

Plaintiff alleges that, on March 1, 2018, while in the prison cafeteria, Defendant Lockhart ordered Plaintiff to "sit down and eat." (*Id.* at 12). Although Plaintiff's allegations are difficult to decipher, it appears that Defendant Lockhart felt that Plaintiff was disobeying his order and began using excessive, physical force on Plaintiff. (*Id.*).

According to Plaintiff, Defendant Lockhart "lied and stated [that Plaintiff] disobeyed a verbal order" and issued a disciplinary report against Plaintiff. (*Id*. at 12). As a result, Plaintiff states that he received a "60 day [disciplinary] confinement" sentence. (*Id*. at 13).

Plaintiff also alleges that Defendant White made false statements in a disciplinary report issued against Plaintiff. (*Id*. at 14). Plaintiff received disciplinary confinement as a result of Defendant White's report as well. (*Id*.).

## II.  LEGAL STANDARD

Plaintiff seeks redress from a governmental entity or employee, and, pursuant to 28 U.S.C. section 1915A(a), the Court is obligated to screen such a prisoner civil rights complaint as soon as practicable. On review, the Court is required to dismiss the complaint (or any portion thereof) under the following circumstances:

> (b)  Grounds for Dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> > (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B)(i) ("[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious.").[1]

---

[1] "A claim is frivolous if it is without arguable merit either in law or in fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

2

Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005).

### III. ANALYSIS

In *Heck v. Humphrey*, 512 U.S. 477 (1994),, the Supreme Court ruled that

> to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486–87. Consequently, when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In the present case, Plaintiff's allegations, if true, would necessarily imply the invalidity of the disciplinary confinement alleged in the Complaint, and Plaintiff has not alleged that the prison disciplinary proceedings have been invalidated. Thus, if Plaintiff's allegations are true, he would be entitled to have the misconduct findings reversed, which would invalidate or overturn the disciplinary proceedings. As a result, because Plaintiff's section 1983 action necessarily implicates the validity of the disciplinary

3

proceedings, and Plaintiff has not alleged that the proceedings have been invalidated, his action is barred by *Heck*. *See Miller v. Sanford*, 257 F. App'x 246, 248 (11th Cir. 2007) (where the plaintiff's section 1983 action necessarily implicates the validity of the duration of his confinement, and the plaintiff has not alleged that the disciplinary decision has been invalidated, the action is barred by *Heck*); *Brasher v. Lt. McCraney*, No. 2:10-CV-575-WHA, 2010 WL 3833943, at *2 (M.D. Ala. Sept. 1, 2010) (since Plaintiff has not shown that the disciplinary decision he challenges has been invalidated in an appropriate civil action, the instant collateral attack on this adverse action is prohibited by *Heck*). The Complaint, therefore, shall be dismissed without prejudice.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is **DISMISSED** without prejudice.

2. Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 5) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on July 5, 2018.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
OrlP-2 7/5

4